SUPERIOR COURT
OF THE
STATE OF DELAWARE

**VIVIAN L. MEDINILLA**
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

October 23, 2024

Kelly A. Green, Esq.
Laura A. Ferguson, Esq.
1000 West Street, Suite 1501
Wilmington, Delaware 19801

Frederick Rosner, Esq.
Zhao (Ruby) Liu, Esq.
824 Market Street, Suite 810
Wilmington, Delaware 19801

**Re: Damon D'Agostino v. Zephrus Aviation Capital LLC, et al.
C.A. No. N24C-06-156 VLM CCLD**

Dear Counsel:

On September 24, 2024, the Court held a virtual hearing on Plaintiff's Motion to Strike Defendants' Counter-Statement of Facts ("Motion"). For the reasons stated below, the Motion is **GRANTED**, with leave to amend as discussed during oral arguments.

This is a breach of contract action brought by Plaintiff D'Agostino against his former employer Zephyrus Aviation Capital, LLC ("Zephyrus") for breaches of his Employment Agreement, and alternatively, his Separation Agreement and General Release.[1] Plaintiff is also seeking declaratory judgment against three companies with which he entered into Profits Interest Agreements in connection with his employment with Zephyrus.[2]

On June 25, 2024, Plaintiff initiated this case by filing a Complaint for Damages and Declaratory Judgment against Defendants.[3] On August 20, 2024,

---

[1] Unless otherwise noted, this Court's recitation is drawn from Plaintiff's Complaint ("Compl.") and all documents the parties incorporated by reference. D.I. 1.

[2] *Id.* at 28-33.

[3] *Id.*

1

Defendants filed their Original Answer and Affirmative Defenses.[4]  Defendants did not file a counterclaim.  The Answer included responses to each averment of the Complaint, a general denial, and six affirmative defenses.  Defendants also included a Counter-Statement of Facts comprising 35 stand-alone paragraphs.[5]

On September 9, 2024, Plaintiff filed this Motion,[6] arguing the Counter-Statement is not permissible under Delaware Superior Court Civil Rules 7 and 8.  Defendants filed their response on September 18, 2024.[7]  Conceding during oral arguments on September 24 that albeit lengthy, the Counter-Statement were relevant statements intended only to explain its affirmative defenses.  If permitted, they requested leave to move certain paragraphs with their affirmative defenses.

Defendants' Counter-Statement—as presented—deviates from standard practice under applicable Rules of this Court.[8]  As filed, there is no mechanism by which Plaintiff can respond, which creates potential prejudice to Plaintiff.  Defendants may file an Amended Answer under Rule 15 with its Affirmative Defenses that adheres to the Rules.

Plaintiff's Motion to Strike is **GRANTED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:     Prothonotary

---

[4] D.I. 16.

[5] *Id.* at 48-61.

[6] D.I. 24.

[7] D.I. 25.

[8] *See* Super. Ct. Civ. R. 7 and 8.